UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

April 28, 2022

**LETTER ORDER**

RE:   *Ten-X, Inc. v. Pasha Realty Holdings, LLC, et al.*
      DLB-21-562

Dear Counsel:

    This case arises from commercial property transactions that are the subject of lawsuits split between the Central District of California and the District of Maryland. ECF 1. Pending before this Court is Sanjeev Preet, Raj Dua, and Rama Krishna Grandhi's motion to dismiss the third amended countercomplaint. ECF 94. They argue the claims against them are barred by Maryland's statute of limitations. Before I address the motion, I will summarize the relevant procedural history of the case.

    In 2017, Dr. Azhar Pasha purchased a commercial property located at 5900 Princess Garden Parkway, Lanham, Maryland, 20706, through an online auction hosted by Ten-X, Inc., "an online real estate marketplace that allows buyers, sellers[,] and real estate professionals to search, list[,] and transact properties online." ECF 1, ¶¶ 9–10; ECF 92, ¶ 12, 38. Dr. Pasha formed Pasha Realty Holdings, LLC (collectively "Pasha"), on December 18, 2017, to take title to the property. ECF 92, ¶ 42. In 2020, Pasha sold the property at a loss. ECF 92, ¶¶ 12, 38, 71–72. On October 19, 2020, Ten-X filed suit in the Central District of California against Pasha claiming Pasha reneged on a contract allegedly entitling Ten-X to fees in connection with the 2020 marketing and sale of the property. ECF 1.

    On November 13 2020, Pasha filed a countercomplaint relating to its November 17, 2017 purchase of the property. ECF 10. The countercomplaint named as defendants Ten-X; Bradd M. Caplan, the Vice President of Ten-X; 5900 LLC, the seller of the property; Jones Lang Lasalle Americas, Inc., the 2017 listing agent for the property; and Roes 1 through 10. The Roes served as placeholders for unknown parties who "were the agents, managing agents, principals, owners, partners, joint ventures, successors, representatives, servants, employees and/or co-conspirators of each of the other Counterdefendants," including 5900 LLC. *Id.* ¶ 8. Pasha asserted claims of fraud, intentional misrepresentation, negligent misrepresentation, breach of contract, and breach of the implied covenant of good faith and fair dealing. *Id.* ¶¶ 45–93. Against 5900 LLC, specifically, Pasha asserted claims of fraud and negligent misrepresentation. *Id.* ¶¶ 45–56, 68–78.

    On January 26, 2021, 5900 LLC answered the countercomplaint and moved to transfer the case between it and Pasha to the District of Maryland pursuant to a forum-selection clause. ECF

*Ten-X, Inc. v. Pasha Realty Holdings, LLC, et al.*
DLB-21-562
April 28, 2022
Page 2

41, 44. On February 12, 2021, while the motion to transfer was pending, Pasha filed an amended countercomplaint that added Sanjeev Preet, a member of 5900 LLC, as a counterdefendant and asserted against him claims of fraud, intentional misrepresentation, negligent misrepresentation, and unfair or deceptive trade practices.[1]  ECF 48.  Pasha also asserted, among other claims, a breach of contract claim against 5900 LLC.  *Id.*  On March 3, 2021, the claims against 5900 LLC were transferred to the District of Maryland, but all other pending claims remained in the Central District of California.  ECF 67.

On March 31, 2021, Pasha filed a second amended countercomplaint in the Central District of California.  ECF 89.  In it, Pasha added defendants Raj Dua and Rama Krishna Grandhi, also members of 5900 LLC, and asserted against them the same claims asserted against Preet.  *Id*.  Preet, Dua, and Grandhi moved to transfer the claims against them to the District of Maryland pursuant to the forum-selection clause between Pasha and 5900 LLC.  ECF 88.  The claims were transferred and consolidated with the claims against 5900 LLC in the third amended countercomplaint filed in this Court.  *Id.*; ECF 90–92.  Pasha's claims against 5900 LLC and its three members are pending here.  Pasha's claims against the other defendants remain pending in the Central District of California.

Preet, Dua, and Grandhi have filed a Rule 12(b)(6) motion to dismiss the claims against them, arguing the claims are time-barred under Maryland law.  ECF 94.  A Rule 12(b)(6) motion to dismiss for failure to state a claim "tests the legal sufficiency" of a pleading and "should be granted unless the [pleading] 'states a plausible claim for relief.'"  *In re Birmingham*, 846 F.3d 88, 92 (4th Cir.), *as amended* (Jan. 20, 2017) (quoting *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012)); *see* Fed. R. Civ. P. 12(b)(6).  When resolving a Rule 12(b)(6) motion to dismiss, the Court accepts the well-pleaded allegations as true.  *See Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."  *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).  The Court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to them, and the parties' briefs.  *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c).  The Court also may consider judicially noticed facts and documents integral to and explicitly relied on in the pleading when deciding a 12(b)(6) motion.  *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).

A defense based on the statute of limitations is an affirmative defense and thus is generally beyond the scope of a Rule 12(b)(6) motion.  However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the [pleading], the defense may be reached . . . ."  *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).  "This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear[] *on the face of*

---

[1] In the first amended countercomplaint, Pasha named Pasha Aviation, LLC, as another counterclaimant.  ECF 48, ¶¶ 1–3.  The Court hereinafter refers to all three counterclaimants as "Pasha."

*Ten-X, Inc. v. Pasha Realty Holdings, LLC, et al.*
DLB-21-562
April 28, 2022
Page 3

*the* [*pleading*].'" *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)) (emphasis added by *Goodman*).

Under Maryland law, the three-year statute of limitations, which the parties agree applies to the counterclaims, is subject to the discovery rule, which starts the clock on the date the plaintiff "knew or reasonably should have known of the wrong." *Cain v. Midland Funding, LLC*, 256 A.3d 765, 783 (Md. 2021) (quoting *Poffenberger v. Risser*, 431 A.2d 677, 680 (Md. 1981)); Md. Code Ann., Cts. & Jud. Proc. § 5-101; *Windesheim v. Larocca*, 116 A.3d 954, 960 n.12, 962–67 (Md. 2015) (discussing the discovery rule). "The relevant inquiry . . . is when a plaintiff knew or reasonably should have known of the operative facts giving rise to the cause of action, not whether a plaintiff had knowledge of the applicable law." *Cain*, 256 A.3d at 784 (quoting *Crowder v. Master Fin., Inc.*, 933 A.2d 905, 921 (Md. Ct. Spec. App. 2007), *aff'd in part, rev'd in part on other grounds*, 972 A.2d 864 (Md. 2009)). "[A] cause of action does not accrue until all of its elements are present[.]" *Catler v. Arent Fox, LLP*, 71 A.3d 155, 171 (Md. Ct. Spec. App. 2013) (citing *Doe v. Archdiocese of Wash.*, 689 A.2d 634, 638–39 (Md. Ct. Spec. App. 1997)). The discovery rule does not require actual knowledge and may be satisfied when the plaintiff is on "inquiry notice" by virtue of possessing "facts sufficient to cause a reasonable person to investigate further," where "a diligent investigation would have revealed that the plaintiffs were victims of . . . the alleged tort." *Dual Inc. v. Lockheed Martin Corp.*, 857 A.2d 1095, 1104 (Md. 2004); *see also Est. of Adams v. Cont'l Ins. Co.*, 161 A.3d 70, 84 (Md. Ct. Spec. App. 2017). Additionally, "[o]nly under unusual facts . . . may a plaintiff's late discovery of the *identity* of an alleged tortfeasor delay the running of the statute of limitations." *Iglesias v. Pentagon Title & Escrow, LLC*, 51 A.3d 51, 76 (Md. Ct. Spec. App. 2012) (citing *Jacobs v. Flynn*, 749 A.2d 174, 183–88 (Md. Ct. Spec. App. 2000)) (emphasis in original). Rather, "a cause of action accrues for the purposes of limitations at the time of the injury or, if the injury is unknown to the plaintiff, at such time as the plaintiff discovers that he or she has been injured." *Id.* (citing *Poffenberger*, 431 A.2d at 680). The defendants bear the burden of establishing the claims are barred by the statute of limitations. *See Newell v. Richards*, 594 A.2d 1152, 1156 (Md. 1991).

Preet, Dua, and Grandhi contend that the clock on the statute of limitations began to run no later than "the day of sale," which they do not clearly identify but the Court assumes was either November 15, 2017, the day Pasha won the online auction, or January 16, 2018, the closing date. In their view, the three-year limitations period expired by January 16, 2021, at the latest, and Pasha did not name any of them as defendants in the countercomplaint until at least February 12, 2021. They argue that the commencement and expiration of the limitations period is clear on the face of the third amended countercomplaint. Citing the pleading, they assert that Pasha won the auction for the property on November 15, 2017, ECF 92, at ¶ 38; that Dr. Pasha emailed Caplan, Ten-X's Vice President, on December 27, 2017, to ask if it was a violation of the purchase agreement if 5900 LLC refused to provide certain documentation, *id.* ¶ 49; that 5900 LLC refused to provide pre-closing documentation to the lender, *id.* ¶ 52; that Dr. Pasha traveled to Maryland to see the property in January 2018, *id.* ¶ 53; and that Pasha closed and received the deed on the property on January 16, 2018, *id.* ¶ 64. Thus, they argue, Pasha's claims accrued no later than January 16, 2018, and suit against them was not filed until more than three years later. In further support of their argument, Preet, Dua, and Grandhi ask the Court to rely on a Central District of California

*Ten-X, Inc. v. Pasha Realty Holdings, LLC, et al.*
DLB-21-562
April 28, 2022
Page 4

Minute Order in which the Honorable James V. Selna declined to require this Court to apply California law that would have prevented post-transfer dismissal of the claims as time-barred. *See* ECF 88, at 7–8. They ask the Court to conclude based in part on that Order that the claims are time-barred under Maryland law.

Pasha argues the Court may not consider on a motion to dismiss Judge Selna's Minute Order because it is not referred to or relied on in its pleading. The Court may take judicial notice of docket filings, including the Minute Order, *see* Fed. R. Evid. 201(b), but doing so would not dispose of the statute of limitations issue. Judge Selna did not determine that, under Maryland law, the statute of limitations would bar the claims against Preet, Dua, and Grandhi. Rather, Judge Selna appropriately acknowledged the statute of limitations question would be resolved here, in the District of Maryland.

Pasha also argues that there is a dispute of fact as to when the statute of limitations began to run and that the Court, therefore, may not dismiss the claims as time-barred on a motion to dismiss. Pasha contends that its claims against the individuals accrued on March 1, 2021, when it first received, as part of 5900 LLC's supplemental initial disclosures, pre-sale emails revealing their allegedly fraudulent acts and misrepresentations. Following this discovery, on March 31, 2021, Pasha substituted Dua and Grandhi for two Roe defendants. According to Pasha, the countercomplaint was timely filed because it was filed just weeks after the claims accrued. The defendants did not submit a reply or otherwise refute these assertions.

The Court cannot discern from the face of the third amended countercomplaint when Pasha "knew or reasonably should have known of the operative facts giving rise to" its injuries. It appears that the facts giving rise to the injuries occurred no earlier than November 17, 2017, the date of the auction. If that is the case, then Pasha's November 13, 2020, countercomplaint was timely filed against 5900 LLC. One question, neither raised nor answered by the parties, is whether the first and second amended countercomplaints identifying by name the individual defendants—whose identity apparently was not known when the original countercomplaint was filed—relate back under Federal Rule of Civil Procedure 15(c)(1). With this question unanswered, and with the defendants failing to respond to Pasha's contention that the claims accrued in March 2021, the Court cannot determine whether Pasha's counterclaims against the individual defendants are time-barred. Accordingly, the motion to dismiss is denied.

Although informal, this letter is an Order of the Court and shall be docketed as such.

Sincerely,

Deborah L. Boardman
United States District Judge